# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RODNEY GREENE, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-211 |
| | : | |
| INTERNAL REVENUE SERVICE, | : | |
| Defendant. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **January 28, 2019**

Rodney Greene *pro se* sues the Internal Revenue Service asking to proceed *in forma pauperis*. We grant Mr. Greene leave to proceed *in forma pauperis* but must dismiss his Complaint.

## I. Allegations

While incarcerated in 2007, "[o]n the advice of an unlearned inmate, [Mr. Greene] filed incorrect (what was termed by IRS officials as frivolous) tax returns for 2005 and 2006."[1] The IRS imposed a $5,000 penalty on Mr. Greene for filing the frivolous return.[2] Mr. Greene's debt to the IRS increases every year it remains unpaid. He alleges the IRS is garnishing portions of his tax refunds since his 2013 release to satisfy this penalty. Mr. Greene now sues "[t]o suspend, invalidate the IRS action against [him], and return the 2013, 2014, 2015, 2016, 2017 tax returns as the IRS actions were premature and prejudicial without having [him] explain his error."[3]

## II. Analysis

We grant Mr. Greene leave to proceed *in forma pauperis* as he appears is incapable of paying the fees to commence this civil action. We must dismiss the Complaint under §1915(e)(2)(B)(ii) if Mr. Greene did not plead "sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face."[4] Conclusory statements and naked assertions will not suffice.[5] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[6] As Mr. Greene is proceeding *pro se*, we construe his allegations liberally.[7]

We lack subject matter jurisdiction over Mr. Greene's case. Subject to certain exceptions not applying here, the Anti-Injunction Act directs "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."[8] Penalties assessed by the IRS are the equivalent of taxes for purposes of the Anti-Injunction Act.[9] "The Act deprives federal courts of jurisdiction to entertain an action to enjoin the IRS from assessing or collecting taxes."[10]

To the extent Mr. Greene is asking we prohibit the IRS from collecting a penalty it assessed against him for filing a frivolous tax return, we dismiss his claims because they fall within the prohibition established by the Anti-Injunction Act. Although Mr. Greene may seek a refund, he must do so in the first instance to the IRS.[11] We dismiss Mr. Greene's request for a refund as well, without prejudice to him seeking a refund with the IRS or any other remedy still available to him.[12]

## III. Conclusion

We grant Mr. Greene leave to proceed *in forma pauperis* but dismiss his Complaint for lack of subject matter jurisdiction. Mr. Greene may not file an amended complaint as it would be futile.

---

[1] ECF Doc. No. 2 at 6.

[2] *See* 26 U.S.C. § 6702.

[3] ECF Doc. No. 2 at 7.

2

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[5] *Id.*

[6] Fed. R. Civ. P. 12(h)(3).

[7] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[8] 26 U.S.C. § 7421.

[9] *See* 26 U.S.C. § 6671; *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 544, 132 S. Ct. 2566, 2583, 183 L. Ed. 2d 450 (2012) ("Congress can, of course, describe something as a penalty but direct that it nonetheless be treated as a tax for purposes of the Anti–Injunction Act."); *Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989) ("The reference in the Anti–Injunction Act to 'tax' is deemed also to refer to certain penalties, including the penalty provided for frivolous returns under § 6702.").

[10] *Beale v. I.R.S.*, 256 F. App'x 550 (3d Cir. 2007) (per curiam).

[11] *See id.* at 551 ("This request for a refund must be made in the first instance to the IRS.").

[12] *See* 26 U.S.C. § 6703(c).